An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EUGENE DEE LILLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63659

FILED

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of driving and/or being in actual physical control while under the influence of a controlled substance and/or prohibited substance in blood or urine. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Eugene Dee Lilley claims that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea, in which he alleged that he was coerced into signing the plea agreement because his counsel told him that if he did not accept the plea the State would seek a habitual criminal adjudication. We disagree.

A district court may grant a presentence motion to withdraw a guilty plea for any substantial, fair, and just reason, and this court will not reverse the district court's determination absent an abuse of discretion. *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001). The district court conducted an evidentiary hearing at which both Lilley and his prior counsel testified that counsel informed Lilley that he had negotiated a plea that included a stipulated sentence of 2 to 5 years and he advised Lilley to accept the plea. Counsel informed Lilley that if

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31066

he did not accept the plea it was likely that the State would seek a habitual criminal adjudication and, if convicted, he would likely be sentenced as a habitual criminal based on his prior criminal record. The court stated that it had reviewed the plea agreement and the transcripts of the bindover and plea canvass and there was nothing that indicated that Lilley felt threatened or coerced during the proceedings. The court denied the motion to withdraw the plea, finding that counsel had an obligation to inform Lilley of the potential consequences he faced if he did not accept the plea and informing Lilley of those consequences was not coercive. The totality of the circumstances supports the district court's determination that Lilley was not coerced into pleading guilty and we conclude that the district court did not abuse its discretion by denying the motion to withdraw the guilty plea. *See id.* at 721-22, 90 P.3d at 1125-26. Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                              Cherry

cc:     Hon. Douglas W. Herndon, District Judge
        Drummond & Nelson
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk